Ernest Walker **BRIDGES**

v.

**SHELL OIL COMPANY.**

Civ. A. No. 5698.

United States District Court
E. D. Tennessee, N. D.

July 6, 1967.

---

William D. Vines, III, Knoxville, Tenn., for plaintiff.

Clyde W. Key, Key & Lee, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This action was filed under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207.

Defendant contends that plaintiff's employment was not within the general coverage of the Act as it related to overtime compensation.

It was stipulated that "the greater proportion of Shell Oil Company's operations in Tennessee involves products shipped and delivered in interstate commerce, and complainant's duties involved, in large part, the sale of products shipped and delivered in interstate commerce, so that the provisions of the Fair Labor Standards Act (29 U.S.C. §§ 201–219) apply to complainant and defendant and their actions, operations and services, make said act applicable to both, unless exempt under Sections 7 and 13. * * * "

■ The Court finds from the stipulated facts that plaintiff was covered by the general provisions of the Fair Labor Standards Act.

The second issue (The stipulations provided that "The sole issue in this case is whether, under the provisions of said Act, complainant is excluded from coverage for overtime work.") is whether plaintiff's employment is exempt from the overtime provisions of Section 13 (b) (8) of the Act. (29 U.S.C. § 213(b) (8)) [1]

It was stipulated that from September 1964 through February 1966, Ernest Walker Bridges was employed by defendant Shell Oil Company, a Delaware corporation doing business in Tennessee. Shell owns or leases gasoline service stations for their operation but the stations are usually leased or subleased to dealers. Plaintiff was employed by Shell Oil Company to maintain and operate gasoline service stations (The Court is advised that plaintiff operated four or five service stations during the period in question.) owned or leased by Shell in the Knoxville area while the stations were without a dealer or while a new dealer was being trained. None of the stations where plaintiff worked had a gross volume of business of as much as $250,-000.00 per year.

Plaintiff's duties involved routine service station work such as the sale of gasoline and automobile accessories and the servicing of motor vehicles. He occasionally washed trucks and performed maintenance work on Shell's motor vehicles, but all of such work was done on the

---

[1]. "(b) The provisions of section 207 of this title shall not apply with respect to—

* * * * *

"(8) any employee of a gasoline service station; * * * "

premises of the service station where plaintiff was assigned. Plaintiff was carried on the payroll of Shell.

It was further stipulated that plaintiff worked 692 hours in excess of the forty-hour work week but was not paid overtime and that if he is entitled to recover, the amount would be $432.50.

Some employees of gasoline service stations were first brought under the Fair Labor Standards Act by the "Enterprise" Amendment of 1961.[2]

It is noted that employees of a service station establishment whose gross annual sales are less than $250,000.00 are excluded. None of the stations for which plaintiff worked grossed more than $250,000.00 per year.

The definition of "establishment" as contained in Section 779.23 of the Interpretative Bulletin of the U. S. Department of Labor means a "distinct physical place of business" rather than "an entire business or enterprise" which may include several places of business.

The term "enterprise" is defined in Sections 3(r) and 3(s) of the Act. Interpretative Bulletin Section 779.21 states that the term enterprise "means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements."

Plaintiff was employed by Shell Oil Company, an "enterprise," and operated filling station "establishments" in the Knoxville area. If he had been employed by the service station establishments rather than Shell Oil Company, his work would have been exempt under Section 3(s) (1) and (5) and the bulletin interpreting it.[3]

2. "§ 203. *Definitions*
"As used in this chapter—
\* \* \* \* \*
"(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person:
"(1) any such enterprise which has one or more retail or service establishments if the annual gross volume of sales of such enterprise is not less than $1,000,000, exclusive of excise taxes at the retail level which are separately stated and if such enterprise purchases or receives goods for resale that move or have moved across State lines (not in deliveries from the reselling establishment) which amount in total annual volume to $250,000 or more;
\* \* \* \* \*
"(5) any gasoline service establishment if the annual gross volume of sales of such establishment is not less than $250,000, exclusive of excise taxes at the retail level which are separately stated:"

3. "(b) Meaning of 'gasoline service establishment.' The Senate Report stated as follows: Although the term 'gasoline

service establishment' is used in section 3(s) (5), and the term 'gasoline service station' in section 13(b) (8), no difference in application is intended. (See S. Rept. 145, 87th Cong., 1st Sess., p. 32.) A gasoline service station or establishment is one which is typically a physically separate place of business engaged primarily in selling gasoline and lubricating oils to the general public at the station or establishment. It may also sell other merchandise or perform minor repair work as an incidental part of the business. (See S. Rept. 145, 87th Cong., 1st Sess., p. 32.)

"(c) Scope of exemption. The 1961 amendments bring under the minimum wage and child labor provisions, but not the overtime provisions, of the Act any gasoline service station or establishment which has an annual gross volume of sales of not less than $250,000 exclusive of certain excise taxes. A gasoline service station whose annual gross volume of sales is less than $250,000 (exclusive of the described excise taxes) will continue to be exempt from the minimum wage and overtime provisions if it meets all the requirements for exemption in section 13(a) (2), which defines and exempts certain retail or service establishments. The 13(a) (2) exemption will be applicable to the station even if it is part of an enter-

We are constrained ·to believe that Section 3(s) (5) and the Interpretative Bulletin quoted in Footnote 3 are applicable to gasoline service stations that are operated as a part of another business, such as grocery stores with gasoline pumps, and do not apply to the Shell Oil Company which operated service stations temporarily that were without a dealer for one reason or another. Mitchell v. Kroger Co., 8 Cir., 248 F.2d 935.

■ The Court, therefore, concludes that plaintiff's work was covered by Section 207(a) (1) (2) of the Fair Labor Standards Act.[4]

An order will be presented awarding $432.50, plus $145.00 attorney's fees.

---

prise described in section 3(s)(1) which has more than $1,000,000 in annual gross volume of sales including the sales of the gasoline service establishment. The requirements of section 13(a)(2) are described in sections 779.336 through 779.-340."

4. "§ 207. *Maximum hours*
 "(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed; and

"(2) No employer shall employ any of his employees who in any workweek (i) is employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined in section 203 (s)(1) or (4) of this title, or by an establishment described in section 203(s) (3) of this title, * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."